RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 27 2008

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| VICKI PIONTEK | : | |
| 951 ALLENTOWN ROAD | : | |
| LANSDALE, PA 19446 | : | |
|          Plaintiff | : | |
| Vs. | : | |
| Financial Asset Management Systems, Inc. | : | Jury Trial Demanded |
| 2859 Paces Ferry Road | : | |
| Suite 510 | : | |
| Atlanta, GA 30339 | : | 1 08·MI-0389 |
| | : | |
| Financial Asset Management Systems, Inc. | : | |
| 1967 Lakeside Parkway | : | |
| Suite 402 | : | |
| Tucker, GA 30084 | : | |
|          Defendant | : | |

## **COMPLAINT**

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and Pennsylvania's Unfair Trade and Consumer Protection Act, 73 PS 201, et. Seq., and Pennsylvania's Fair Credit Extension Uniformity Act, 73 PS 2270, et. Seq. All of the aforementioned statutes prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), 28 U.S.C. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.  Venue is also proper because a substantial portion of the conduct complained of occurred in this Federal District.

## PARTIES

3. Plaintiff is Vicki Piontek, with an address including but not limited to 951 Allentown Road, Lansdale, PA  19446.

4. Defendant is Financial Asset Management Systems, Inc. with business addresses including but not limited to the following.

> Financial Asset Management Systems, Inc.
> 2859 Paces Ferry Road
> Suite 510
> Atlanta, GA  30339
>
> Financial Asset Management Systems, Inc.
> 1967 Lakeside Parkway
> Suite 402
> Tucker, GA  30084

**COUNT ONE: Violation of Fair Debt Collection Practices Act (15 USC 1692 et. Seq.)
Over-shadowing**

5.  Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act

    (FDCPA), 15 USC 1692 et. Seq.


6.  Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.


7.  At all times mentioned herein, Defendant was attempting to collect on an alleged

    consumer debt against Plaintiff.


8.  Defendant sent Plaintiff a first collection letter on or about October 7, 2008.


9.  Defendant contacted Plaintiff by telephone on or about October 9th, 2008 and October 13,

    2008 regarding an alleged American Express account.


10. During a conversation with Plaintiff on October 13, 2008, Defendant made a demand for

    an immediate payment, claiming that the full balance was "due in full" at that time.


11. In the conversation on October 13, 2008, Defendant violated the 30-day validation notice

    in the October 7th letter by "overshadowing" the language required by 15 U.S.C. §1692g.

    Defendant committed "overshadowing" by making other demands for immediate

    payment in said conversation. By claiming that the entire balance was due in full at the

    time of the October 13th conversation, Defendant overshadowed the requirements of 15

    U.S.C. §1692g.

**COUNT TWO: Violation of Fair Debt Collection Practices Act (15 USC 1692 et.**

**Seq.)   Use of Obscene Profanity.**

12. On or about October 24, 2008, Defendant again telephone Plaintiff.

13.  Defendant's agent, Christopher Jones, and Plaintiff were having a pleasant conversation.

14. With Defendant's consent, Plaintiff made an audio recording of the conversation.

15. During the conversation, a co-worker of Christopher Jones was speaking with the friend or family member of another consumer debtor on the telephone.

16. Plaintiff could hear the conversation of the female bill collector speaking to the friend or family member of another consumer debtor.

17. The female agent of Plaintiff spoke rudely and abruptly to the person on the phone, and then used profanity toward the consumer debtor.

18. Plaintiff had to endure such conversation and was forced to hear it.

19. Plaintiff's digital recorder picked up the female bill collector's voice while she was using obscene profanity toward the other consumer debtor.

20. Plaintiff was shocked and angered after hearing the consumer debtor's friend or family member treated in such a horrible manner.

**COUNT THREE:  VIOLATION OF Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.**

21. Plaintiff is a consumer debtor as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

22. Defendant is a debt collector as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

23. Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. prohibit any unlawful attempt to collect a consumer debt.

24. The aforementioned misconduct by Defendant is also a violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because it was an unlawful attempt to collect a consumer debt.  A violation of the FDCAP would also be a per se violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

25. The aforementioned acts of misconduct committed by Defendant were also violations of of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because such misconduct was an illegal attempt to collect a debt.

## DAMAGES

26. $1.00 actual damages at least for phone, stationary and postage.

27. $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

28. Attorney fees of $250.00 at a rate of $250.00 per hour. Services include but not limited to, evidence compilation, drafting of complaint, document processing, correspondence with defendant.

29. Plaintiff's attorney fees continue to accrue as the case move forward.

30. Plaintiff(s) demand(s) punitive damages against Defendant in the amount of $10,000.00 because the acts committed by Defendant were willful, wanton and intentional.

31. Plaintiff did suffer some emotional distress as a result of Defendant's illegal collection activity. Such is worth $1,500.00.

## OTHER RELIEF

32. Plaintiff also seeks an injunction against further unlawful collection activity.

33. Plaintiff seeks declaratory relief barring Defendants from further unlawful collection activity.

34. Plaintiff seeks an injunction against Defendant barring the use of profanity by Defendant.

35. Plaintiff seeks such other relief as this honorable Court may deem just and proper.

## JURY TRIAL

36. Plaintiff specifically requests / demands a jury trial in this matter.

Wherefore, plaintiff demands judgment against defendant in the amount of $12,751.00.

(actual damages, statutory damages, attorney fees and punitive damages). Plaintiff also seeks

declaratory and injunctive relief, and such other relief as this honorable Court may deem

appropriate.


_Vicki Piontek_          _10|25|08_
Vicki Piontek              Date
Pro Se
951 Allentown Road
Lansdale, PA  19446
717-533-7472